IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | No. 3:15-cr-164-B (5) |
| OLUSOLA AKINGBADE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING AMENDED MOTION
FOR RELEASE PENDING SENTENCING**

Defendant Olusola Akingbade has filed an Amended Motion for Release Pending Sentencing, *see* Dkt. No. 270, which United States District Judge Jane J. Boyle has referred to the undersigned magistrate judge for hearing, if necessary, and determination, *see* Dkt. No. 267.

For the reasons explained below, the Court DENIES Defendant Olusola Akingbade's Amended Motion for Release Pending Sentencing [Dkt. No. 270].

**Background**

Defendant explains the background of his motion as follows:

> Mr. Akingbade was charged in a nine count Indictment along with several other co-defendants. Count 1 charged him with Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349, and counts 3, 4, and 7 charged him with Health Care Fraud and Aiding and Abetting.
> Since the pendency of this case, Mr. Akingbade has been on pretrial release and has met all the terms of that release in exemplary fashion. He has made every court appearance and has never appeared before this Court on an allegation of a pretrial release violation.
> Mr. Akingbade has no criminal history to speak of, no prior criminal convictions, nor any prior arrests.
> On June 19, 2017, a jury trial commenced against Mr. Akingbade

> on all four counts. After an exceptionally lengthy period of deliberations (spanning almost four days), the jury returned Case verdicts of guilty on all four counts against Mr. Akingbade. At that time, this Court made a finding that the verdict of guilty constituted a "change in circumstances" such that made it proper to revoke Mr. Akingbade's pretrial release, and placed him in the custody of the United States Marshals pending sentencing.

Dkt. No. 270 at 1-2. "Defendant respectfully requests this Honorable Court to grant this Motion and revoke the order of detention in his case" and "allow him to be released on conditions pending his final sentencing." *Id.* at 5.

The government opposes the motion. It argues that Defendant "has not shown (and the government submits that he will be unable to show) by clear and convincing evidence that he is not likely to flee before sentencing, and he has not shown any extraordinary circumstances that would permit his release in this case." Dkt. No. 278 at 1 (footnote omitted). The government explains that, while it "contends that the defendant is an economic threat to the community, his criminal history does not show that he poses a physical danger to the community." *Id.* at 1 n.1.

The Court held a hearing on August 15, 2017, at which Defendant and his counsel and counsel for the government appeared.

**Legal Standards and Analysis**

"[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001). "The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R.

CRIM. P. 46(c). "A convicted defendant has no constitutional right to bail. Thus, as the parties acknowledge, any putative right to bail derives from 18 U.S.C. § 3143, which establishes a presumption against its being granted." *United States v. Olis*, 450 F.3d 583, 585 (5th Cir. 2006) (citations and internal quotation marks omitted).

Release of "a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence" pursuant to Section 3143(a)(1) requires that "the judicial officer find[] by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)." 18 U.S.C. § 3143(a)(1); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)).

Absent such a finding – which requires the defendant's release under 18 U.S.C. § 3142(b) or (c) – the convicted defendant "shall ... be detained" while "awaiting imposition or execution of sentence." 18 U.S.C. § 3143(a)(1) ("Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a

person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)."); *accord United States v. Abdallah*, No. 01-11219, 281 F.3d 1279 (table), 2001 WL 1692455, at *1 (5th Cir. Nov. 26, 2001).

As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013). And another Court of Appeals has explained that "18 U.S.C. § 3143(a)(1) creates a presumption in favor of detention; it places the burden on the defendant to defeat that presumption; and it requires the defendant to carry that burden by clear and convincing evidence, not by a mere preponderance," and that "[o]nly if a defendant clears these high procedural hurdles is he entitled to release pending sentencing." *United States v. Abuhamra*, 389 F.3d 309, 320 (2d Cir. 2004). "Among factors the district court should consider in determining whether to grant a

convicted defendant's motion for release pending sentencing are those factors enumerated in 18 U.S.C. § 3142(g) governing pretrial release." *United States v. Majors*, 932 F. Supp. 853, 855 (E.D. Tex. 1996) (citing *United States v. Vance*, 851 F.2d 166, 169-70 (6th Cir. 1988)).

The government correctly notes that Defendant's "conviction in this case does not implicate the additional requirements for release set forth in 18 U.S.C. § 3143(a)(2)." Dkt. No. 278 at 2 n.2. Accordingly, although Defendant argues for a finding of exceptional circumstances, the government is correct that 18 U.S.C. § 3145(c) – which provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate" – does not apply here.

In an effort to meet the required showing that Defendant is not a flight risk or a danger to the community, Defendant's amended motion asserts the following:

- "The Government has never alleged, nor has any evidence shown that Mr. Akingbade is a flight risk if released. Mr. Akingbade is a U.S. citizen with no foreign ties to speak of. Immediately upon being placed on Pretrial Release, he surrendered his passport which remains in the custody of the Marshals. He has appeared promptly to each and every court appearance, even through several lengthy continuances due to the unforeseen actions of a co-defendant. He has conducted himself respectfully and professionally at every setting and has been

- an exemplary defendant, remaining in full compliance of the requests of his supervision officer." Dkt. No. 270 at 2.

- "Further, Mr. Akingbade is willing to agree to any combination of curfew, GPS monitoring, or home confinement the court feels appropriate to assure his continued compliance and appearance at future court settings." *Id.* at 3.

- "It is likewise true that the Government has made no allegation, nor has any evidence been produced to show that Mr. Akingbade's release would constitute a danger to the community. The crimes for which Mr. Akingbade has been convicted stemmed from his minor participation in a health care business between 2011 and 2014. Since Paradise Home Health Care closed its doors, there is no indication that Mr. Akingbade has been involved in any sort of illegal or illicit activity. Because the activity for which he is charged took place over three years ago, and because there is no indication that any sort of illegality has occurred since those dates, it does not logically follow that releasing Mr. Akingbade now would risk any continued illegal activity." *Id.* at 2.

The government opposes Defendant's amended motion and maintains that he is a flight risk who should remain incarcerated pending sentencing. *See* Dkt. No. 279 at 1. The government acknowledges that Defendant "states that he is not a flight risk because he has surrendered his passport, complied with his conditions of pretrial release, showed up for trial as required, and because fleeing would jeopardize his plan to appeal his conviction," but the government asserts that Defendant's "compliance with [his] conditions of pretrial release does not satisfy his burden under section

3143(a)(1)." *Id.* at 2. "Indeed, courts routinely discount compliance with pretrial release conditions because conviction at trial brings about significant changes; the defendant is no longer presumed innocent and the incentive to flee increases." *Id.*

According to the government, Defendant's "conviction carries a statutory maximum penalty of 40 years imprisonment"; "[a]lthough a Presentence Investigation Report has not been prepared, the government calculates that the defendant's advisory sentencing guidelines may be as high as 97 to 121 months and anticipates that the defendant will be ordered to pay more than $2.5 million in restitution"; Defendant's "conviction will also likely lead to the revocation of his nursing license, exclusion from federal health care programs, and consequently, the loss of his employment"; and, "[a]t age 54, these potential consequences provide a strong incentive for the defendant to flee." *Id.* at 3.

The government further argues that

> [t]here is simply no reason for the Court to believe the defendant when he says that he will not flee. The defendant was convicted of one count of conspiracy to commit health care fraud and three substantive counts of health care fraud. Each of these four counts deals with knowingly and willfully lying to the government in order to steal from Medicare. In handing down its guilty verdict, a jury found that the defendant conspired to defraud the government from at least the spring of 2011 through November 2014, when the first round of arrests related to this case were executed. The evidence at trial included undercover audio recordings on which the defendant and his coconspirators discussed falsifying patient records, backdating doctors' orders, and how such falsified records helped them pass an audit conducted by a State agency. The evidence at trial also showed that the defendant falsified patient evaluations by exaggerating patients' health conditions, and that he completed many of these evaluations from the office, without actually seeing the patient as required by Medicare. In so doing, the defendant not only lied to the government about the health of his patients and how long

> he spent with them, but also about his own whereabouts during the "evaluation." The defendants' fraudulent conduct is clear evidence that any assurances or affirmations to the Court that he will be where he says he will be, and will appear when he says he will appear, cannot be trusted.
>
> ....
>
> If the defendant has compared his own situation with that of his coconspirators, he must also realize another stark reality; the defendant currently sits in jail because he showed up for his trial, while his codefendant Ayitey Ayayee-Amim, who fled the weekend before the first trial setting, remains free, despite an 11-month attempt to locate and apprehend him. It is not unreasonable to assume that the defendant recognizes the fact that his coworker who fled has so far avoided incarceration.
>
> ....
>
> As a native of Nigeria, even after becoming a United States citizen, the defendant can apply for and obtain a Nigerian passport in the United States. If the defendant has already done this, or should he choose to do so, U.S. immigration authorities would have no way of knowing. .... Moreover, if the defendant does manage to leave the United States without reobtaining his U.S. passport, the lack of a passport may actually make it harder for him to return.

*Id.* at 4-5, 5-6. The government further explains that Defendant "was born in Osun, Nigeria and became a naturalized U.S. citizen on December 10, 2008. The defendant arrived in the United States on July 23, 2003, on a Diversity Immigrant Visa. The defendant travelled to London, England in the fall of 2004 and again in the winter of 2006-07. After becoming a U.S. citizen, the defendant travelled to Nigeria at least three times: spring 2011, summer 2013, and spring 2015." Dkt. No. 279 at 1.

At the hearing, Defendant offered evidence from a friend from, and leader of, his church, who urged the Court to release Defendant to allow him to train another church member to take Defendant's place as the church leader in charge of its finances and handling its money, including weekly tithing. Defendant's counsel then argued that

there is no evidence that Defendant poses any danger to the community and that he has shown by clear and convincing evidence that he is not likely to flee if released on conditions that the Court could impose.

As the government correctly explains, courts routinely discount compliance with pretrial release conditions when deciding on presentencing release because "'[s]omething has changed since trial; Defendant is no longer presumed innocent but is guilty of the counts of conviction. His [or her] legal status has changed, increasing his [or her] incentive to flee.'" *United States v. Adenuga*, No. 3:12-cr-313-P, 2014 WL 349568, at *5 (N.D. Tex. Jan. 31, 2014) (quoting *United States v. Jinwright*, No. 3:09-cr-67-W, 2010 WL 2926084 (W.D.N.C. July 23, 2010)). "This change in legal status removes the possibility that the defendant might avoid criminal punishment – subject to appeal [or, as Defendant has filed here, a post-trial motion for acquittal] – which increases his incentive to flee." *United States v. Patel*, No. CR 13-286, 2016 WL 80566, at *2 (E.D. La. Jan. 7, 2016) (citing *United States v. Garcia Garcia*, 727 F. Supp. 318, 320 (N.D. Tex. 1989), as "concluding that once a defendant has been convicted '[t]he hope for leniency or victory at trial no longer exists to counterbalance the incentive to avoid criminal punishment by fleeing the jurisdiction'"). The fact, then, that Defendants complied with the terms of his pretrial release does not, in and of itself, clearly and convincingly show that Defendant is not a flight risk post-conviction, even though Defendant has, unlike his absconding co-defendant, appeared for court and remained compliant on release.

And proving by clear and convincing evidence that he is not likely to flee if

released, after having been convicted, is a heavy burden and one that the Court finds Defendant has not met. Defendant has ties to Nigeria and recent travel to Nigeria and apparently could, as the government explains, apply for and obtain a Nigerian passport in the United States without any knowledge of such an effort by U.S. Immigration or the State Department. Conviction of offenses carrying the possibility of substantial prison terms increases any defendant's incentive to flee, including with children from whom he faces possibly being separated for many years. Additionally, the Court cannot and should not ignore the nature of the offenses of which Defendant has now been found guilty, which include fraud.

## Conclusion

For these reasons, Defendant Olusola Akingbade's Amended Motion for Release Pending Sentencing [Dkt. No. 270] is DENIED

SO ORDERED.

DATED: August 18, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE